FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2016 AUG 31 AM 9: 04

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

KEVIN CAULEY,

    Plaintiff,

v.                                    CASE NO.: 5:16-CV-543-Oc-32PRL

QUEST DIAGNOSTICS, INC., a foreign
Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff, KEVIN CAULEY ("Plaintiff" or "Mr. Cauley"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, and reasonable attorneys' fees and costs.

### JURISDICTION

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

## PARTIES

3. At all times relevant hereto, Plaintiff was an employee of Defendant, QUEST DIAGNOSTICS, INC. a foreign corporation ("Defendant" or "QD"). Defendant, at all time relevant hereto, performed business in, among other places, Marion County, Florida.

4. Plaintiff is a resident of Orange County, Florida, and worked for Defendant in Marion County, Florida.

5. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she was employed by the Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

6. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce who employed 50 or more employees for each working day during each of 20 or more calendar workweeks during the relevant periods of time.

## FACTUAL ALLEGATIONS

7. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. § 2601, et seq., because Defendant interfered with and/or retaliated against Plaintiff for exercising his FMLA rights.

8. Mr. Cauley worked for QD as a Phlebotomy Services Rep III and as a "float" in the Ocala, Florida metro area from March 1, 2010, until his unlawful termination on January 6, 2016.

9. In late November of 2015, Mr. Cauley, who has had four (4) heart surgeries, suffered complications related to his congestive heart failure, a serious chronic health condition under the FMLA.

10. At that time, he applied for and was granted intermittent FMLA leave via CIGNA, QD's third-party FMLA administrator.

11. During his FMLA leave, Plaintiff's condition worsened and he was admitted to the hospital to treat his serious chronic health condition.

12. As of December 23, 2015, Plaintiff was approved for Continuous FMLA for the period of November 28, 2015, through December 27, 2015. *See* Exhibit A.

13. As late December approached, however, Mr. Cauley had not improved enough to be ready to return to work.

14. He had remaining leave time available under the FMLA as of late December 2015.

15. He therefore applied for an extension of his FMLA leave which was approved through January 11, 2016. *See* Exhibit B. The extension was granted and CIGNA sent Mr. Cauley correspondence on January 4, 2016, confirming same. *See id.*

16. However, on or about January 5, 2016, Mr. Cauley's manager at QD, Linda Gordon, called him and left a message erroneously informing him that his requested FMLA extension had been denied.

17. Mr. Cauley called Ms. Gordon right back and explained that he just received documentation from CIGNA, confirming that the extension of his FMLA leave had been approved through January 11, 2016. *See* Exhibit B.

18. Ms. Gordon told him, "it does not matter. You are not allowed to return to

3

work because you have already been terminated." She told Mr. Cauley that QD would "send [him] a letter."

19. When Mr. Cauley received QD's letter from a Teri Thompson in HR, dated January 5, 2016, it stated that, contrary to Ms. Gordon's termination over the phone that he had to return to work by January 8, 2016, and that if he did not, QD would consider it a resignation.

20. This instruction to return by January 8, 2016, contradicted Mr. Cauley's approved FMLA leave allowing him to return to work on January 11, 2016.

21. Mr. Cauley was ready, willing, and able to return to work on January 11, 2016, as noted. However, when he notified QD of same, he was told that he had abandoned his position based on his absences, and that he could no longer work for QD.

22. Defendant's failure and interference in refusing to adhere to its obligations regarding Plaintiff's FMLA rights during his FMLA leave, combined with its termination of Plaintiff while he was on, what should have been, FMLA leave, constitute direct violations of the FMLA.

23. Defendant has interfered with, and retaliated against Plaintiff for use of his rights under the FMLA.

## FMLA INTERFERENCE/ RETALIATION

24. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-23 above.

25. At all times relevant hereto, Defendant interfered with and retaliated against Plaintiff, because Plaintiff attempted to exercise his right to take leave from work under the FMLA.

4

26. At all times relevant hereto, Defendant interfered with and retaliated against Plaintiff in violation of the FMLA, as it terminated him for necessitating same in violation of the FMLA.

27. At all times relevant hereto, Plaintiff suffered from a "serious health condition" within the meaning of the FMLA.

28. Plaintiff necessitated leave time as a result of his serious health condition, including, but not limited to, an overnight hospital stay.

29. At all times relevant hereto, Plaintiff was protected from interference/retaliation under the FMLA.

30. Defendant interfered with and retaliated against Plaintiff for exercising his right under the FMLA, because Defendant terminated Plaintiff for necessitating such FMLA leave.

31. At all times relevant hereto and for purposes of the FMLA retaliation claim, Defendant acted with the intent to discriminate against Plaintiff, because Plaintiff exercised his right to leave pursuant to the FMLA.

32. As a result of Defendant's intentional, willful and unlawful acts by discriminating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

33. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

34. Plaintiff demands a trial by jury.

WHEREFORE Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

DATED this 4th day of August 2016.

By: /s/ Noah Storch
Noah E. Storch, Esq.
Florida Bar No.: 0085476
E-Mail: noah@floridaovertimelawyer.com
Richard Celler, Esq.
Florida Bar No. 173370
E-Mail: richard@floridaovertimelawyer.com
**RICHARD CELLER LEGAL, P.A.**
7450 Griffin Rd., Ste 230
Davie, FL 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771

*Attorneys' for Plaintiff*

# Attachment A

STD Claim Manager: JOHN CLEMENS
Phone: 412.505.7163 ext. 3433

 Cigna.

12/23/2015

Plan/Policy Number: SHD0985047 and FLK0980030
Plan/Policyholder: Quest Diagnostics Inc.
Underwriting Company: Life Insurance Company of North America

STD Incident #: 3866609
FML Leave ID#: 944568128458

Re: Leave Status Determination

Dear Kevin R Cauley,

We received your leave of absence request for Employee Health Condition.

The following decision has been made for your leave request:

| Plan | Absence Type | From | Through* | Status | Reason |
|---|---|---|---|---|---|
| CT-FML | Continuous Leave | 11/28/2015 | 12/27/2015 | Approved | |
| CT-FML | Continuous Leave | 12/28/2015 | 01/10/2016 | Exhausted | |
| FMLA | Continuous Leave | 11/28/2015 | 12/27/2015 | Approved | |
| FMLA | Continuous Leave | 12/28/2015 | 01/10/2016 | Eligible | |
| STD | Continuous Leave | 11/28/2015 | 12/27/2015 | Approved | |
| STD | Continuous Leave | 12/28/2015 | 01/10/2016 | Pending Determination | |

*If you did not know your leave end date when you filed your leave, the "Through" date listed above is a default date.

- Eligible - Pending Determination: you have met the minimum requirements but have not been approved
- Ineligible: you have not met the minimum requirements for this leave
- Undetermined: Information is required to determine eligibility
- Exhausted: you have used your maximum available leave time

| Plan | Time Used as of 12/23/2015* | Time Remaining as of 12/23/2015* |
|---|---|---|
| CT-FML | 390 hour(s) / 15.6 week(s) | 10 hour(s) / 0.4 week(s) |
| FMLA | 90 hour(s) / 3.6 week(s) | 210 hour(s) / 8.4 week(s) |

Page 1 of 2

"Cigna" is a registered service mark, and the "Tree of Life" logo is a service mark, of Cigna Intellectual Property, Inc., licensed for use by Cigna Corporation and its operating subsidiaries. All products and services are provided by or through such operating subsidiaries and not by Cigna Corporation. Such operating subsidiaries include Connecticut General Life Insurance Company, Cigna Health and Life Insurance Company, and HMO or service company subsidiaries of Cigna Health Corporation and Cigna Dental Health, Inc.

Please see the enclosed certification form. This should be completed and returned to my office within 15 calendar days of the date of this letter. Failure to return the form may result in the denial of your leave. You may return the form to Cigna using one of the following methods:

- Mail: Address is listed on the certification form
- Fax: 866.931.5095
- Email: FMLACertifications@Cigna.com

You will want to review any additional enclosed attachments. Some attachments may need action on your part, and some may just be information for your records.

You are required to keep your supervisor updated on your status. Please refer to Quest Diagnostic's procedures for specific information.

**Additional Information**

*If you'd like to see your leave information, please log on to www.mycigna.com, and click "Claims" under the "Manage Claims and Balances" tab. On this page, click on "Request or Check a Leave of Absence" on the right column on your screen.*

Remember, we're here if you need us. If you have any questions, please call us at 888.842.4462.

Sincerely,

Cigna Leave Solutions®


Enclosures:
Frequently Asked Questions and Important Information
Certification of Employee Health Care Provider Form
FMLA Notice of Rights
Intermittent FMLA Guidelines

"Cigna" is a registered service mark, and the "Tree of Life" logo is a service mark, of Cigna Intellectual Property, Inc., licensed for use by Cigna Corporation and its operating subsidiaries. All products and services are provided by or through such operating subsidiaries and not by Cigna Corporation. Such operating subsidiaries include Connecticut General Life Insurance Company, Cigna Health and Life Insurance Company, and HMO or service company subsidiaries of Cigna Health Corporation and Cigna Dental Health, Inc.

Time Used and Remaining are based on your work schedule at the time you filed your leave. This includes time used in this leave and any other leave within the current leave period. These reflect only the time reported to date and may be subject to change.

Short Term Disability benefits have been approved as shown above. You will be notified if there are any changes.

You requested additional STD leave which may not be supported by the information on file.

### What you need to do

Please ask your health care professional to send the following to your STD claim manager:
- Enclosed Medical Request Form
- Office notes, including any current test results
- Current treatment plan
- Updated restrictions and limitations

We ask you to make sure this information is sent within 14 days of the STD approved through date or the date of this letter (whichever is later). Otherwise, we may make a decision on your claim with the information on file.

Your STD claim manager will occasionally request updated information to confirm your condition. Please be aware that future benefit payments will depend on confirmation of your disability status and contract requirements.

### Additional Information

We are approving your leave through 12/27/2015. Please contact us at the number above and contact your supervisor if you need to apply for an extension. If your extension is not approved, contact your supervisor to discuss your return to work or other leave options that might be available to you.

Our records show you will use 150.00 hours of FMLA entitlement. Additional time reported for this leave and any other open leaves will be counted towards your available hours remaining.

Please contact your supervisor if you have any questions about using TOP/PTO.

If you'd like to see your leave information, please log on to www.mycigna.com, and click "Claims" under the "Manage Claims and Balances" tab. On this page, click on "Request or Check a Leave of Absence" on the right column on your screen.

Remember, we're here if you need us. If you have any questions about Short Term Disability benefits, please call us at 412.505.7163 ext. 3433. If you have questions about Family Medical Leave, please call us at 855.246.1876 Ext. 5057362.

Sincerely,

Cigna Leave Solutions®

Enclosures:
Medical Request Form

"Cigna" is a registered service mark, and the "Tree of Life" logo is a service mark, of Cigna Intellectual Property, Inc., licensed for use by Cigna Corporation and its operating subsidiaries. All products and services are provided by or through such operating subsidiaries and not by Cigna Corporation. Such operating subsidiaries include Connecticut General Life Insurance Company, Cigna Health and Life Insurance Company, and HMO or service company subsidiaries of Cigna Health Corporation and Cigna Dental Health, Inc.

# Attachment B

Case 5:16-cv-00543-TJC-PRL  Document 1  Filed 08/31/16  Page 12 of 12 PageID 12



Vinson Costanza
Cigna Leave Solutions®
P.O. Box 16163
Pittsburgh, PA 15242-0791
www.mycigna.com

Phone: 855.246.1876 Ext. 5057362
Fax: 866.931.5095

01/04/2016

Re: Leave Closure Reminder – 944568128458

Dear Kevin R Cauley,

This letter is regarding your request for Continuous leave of absence due to Employee Health Condition.

Your leave is scheduled to end on 01/10/2016. You will be expected to return to your normal schedule on the first working day following your leave end date. If you are unable to return to work, please contact your supervisor to discuss leave options that may be available to you through Quest Diagnostics.

If you'd like to see your leave information, please log on to www.mycigna.com, and click "Claims" under the "Manage Claims and Balances" tab. On this page, click on "Request or Check a Leave of Absence" on the right column on your screen.

If you have any questions, please call us at 855.246.1876 Ext. 5057362.

Sincerely,

Vinson Costanza
Cigna Leave Solutions®

"Cigna" is a registered service mark, and the "Tree of Life" logo is a service mark, of Cigna Intellectual Property, Inc., licensed for use by Cigna Corporation and its operating subsidiaries. All products and services are provided by or through such operating subsidiaries and not by Cigna Corporation. Such operating subsidiaries include Connecticut General Life Insurance Company, Cigna Health and Life Insurance Company, and HMO or service company subsidiaries of Cigna Health Corporation and Cigna Dental Health, Inc.